IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MONTANA

HELENA DIVISION

_____

| | | |
|---|---|---|
| RODNEY DeAVILA, | ) | Cause No. CV 10-01-H-DWM-RKS |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| vs. | ) | FINDINGS AND |
| | ) | RECOMMENDATIONS OF |
| STATE OF MONTANA, | ) | U.S. MAGISTRATE JUDGE |
| | ) | |
| Respondent. | ) | |

_____

On January 4, 2010, Petitioner Rodney DeAvila filed this action for writ of habeas corpus under 28 U.S.C. § 2254. Petitioner is a state prisoner proceeding pro se. His case is not a death penalty case.

I. Preliminary Screening

Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts requires courts to examine the petition before ordering the respondent to file an answer or any other pleading. The

FINDINGS AND RECOMMENDATIONS OF U.S. MAGISTRATE JUDGE / PAGE 1

petition must be summarily dismissed "[i]f it plainly appears from the face of the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." Id.  If summary dismissal is not warranted, the judge must order the respondent to file an answer, motion, or other response or "to take other action the judge may order." Id.

II. Analysis

Petitioner was sentenced to serve sixty years in prison on or about May 4, 2000, for intimidation, aggravated kidnaping, and rape. Pet. (doc. 1) at 9 ¶ 44.  Represented by new counsel, Petitioner filed a petition for postconviction relief in state court, but it was dismissed as untimely on October 15, 2001.  State v. DeAvila, 2001 Mont. Dist. LEXIS 3295 (Mont. 4th Jud. Dist. Oct. 15, 2001).  It appears he did not appeal.  On May 5, 2006, DeAvila's motion for relief from a restitution provision in his sentence was denied.  State v. DeAvila, 2006 Mont. Dist. LEXIS 516 (Mont. 4th Jud. Dist. May 5, 2006).

Petitioner's federal petition challenges his conviction.  A federal habeas petition challenging a conviction in state court must be filed within one year of a specified trigger date, usually the date the conviction becomes final.  28 U.S.C. § 2244(d)(1)(A)-(D).

Under no conceivable set of circumstances could the federal petition in this case be deemed timely. While Petitioner was transported to California at some point, he continued to be represented by counsel in Montana. Even if he could somehow overcome that fact, he filed a motion in the trial court in 2006. Yet he did not file a federal petition until more than three years after that, and well over nine years after his conviction became final. Nothing in the petition or the procedural background of the case in state court suggests that DeAvila has been "pursuing [his] rights diligently and that some extraordinary circumstance stood in [his] way." Roy v. Lampert, 465 F.3d 964, 969 (9th Cir. 2006). DeAvila asserts that he is actually innocent, but his allegation is conclusory. Cf. Majoy v. Roe, 296 F.3d 770, 776 (9th Cir. 2002).

There is no need to delay resolution of this matter. The petition should be dismissed with prejudice as untimely. If DeAvila believes his petition is timely or he is entitled to equitable tolling of the statute of limitations, he must set forth facts in support of those claims in his objections to this Findings and Recommendation. Herbst v. Cook, 260 F.3d 1039, 1042-43 (9th Cir. 2001). Failure to do so may forfeit his ability to do so at a later time.

III. Certificate of Appealability

"The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Rule 11(a), Rules Governing § 2254 Cases. Where, as here, the district court dismisses a claim on procedural grounds, the court must decide whether "jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Lambright v. Stewart, 220 F.3d 1022, 1026 (9th Cir. 2000) (quoting Slack v. McDaniel, 529 U.S. 473, 484 (2000)). There is no room for doubt regarding the untimeliness of the federal petition. A certificate of appealability is not warranted.

Based on the foregoing, the Court enters the following:

RECOMMENDATIONS

1. The Petition (doc. 1) should be DISMISSED WITH PREJUDICE as untimely.

2. The Clerk of Court should be directed to enter by separate document a judgment in favor of Respondents and against Petitioner.

3. A certificate of appealability should be DENIED.

NOTICE OF RIGHT TO OBJECT TO FINDINGS & RECOMMENDATIONS
AND CONSEQUENCES OF FAILURE TO OBJECT

Pursuant to 28 U.S.C. § 636(b)(1), Petitioner may serve and file written objections to this Findings and Recommendations within fourteen (14) calendar days of the date entered as indicated on the Notice of Electronic Filing. A district judge will make a de novo determination of those portions of the Findings and Recommendations to which objection is made. The district judge may accept, reject, or modify, in whole or in part, the Findings and Recommendations. Failure to timely file written objections may bar a de novo determination by the district judge and/or waive the right to appeal.

<u>Petitioner must immediately inform the Court of any change in his mailing address.</u> Failure to do so may result in dismissal of his case without notice to him.

DATED this 3rd day of February, 2010.

/s/ Keith Strong
Keith Strong
United States Magistrate Judge