

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MONTANA

HELENA DIVISION

| | | |
|---|---|---|
| RODNEY DeAVILA, | ) | CV 10-01-H-DWM-RKS |
| | ) | |
| Petitioner, | ) | |
| v. | ) | ORDER |
| | ) | |
| STATE OF MONTANA | ) | |
| | ) | |
| Respondent. | ) | |
| | ) | |

Petitioner DeAvila, a state prisoner proceeding pro se, brought this action pursuant to 28 U.S.C. § 2254. Magistrate Judge Strong entered Findings and Recommendation in this matter on February 3, 2010. Judge Strong recommended dismissing the petition with prejudice as untimely. Petitioner timely objected to the Findings and Recommendation on February 12, 2010, and is therefore entitled to *de novo* review of the specified findings or recommendations to which he

1

objects. 28 U.S.C. § 636(b)(1). The portions of the Findings and Recommendation not specifically objected to will be reviewed for clear error. McDonnell Douglas Corp. v. Commodore Bus. Mach., Inc., 656 F.2d 1309, 1313 (9th Cir. 1981). Despite Petitioner's objections, I agree with Judge Strong's analysis and conclusions. Because the parties are familiar with the factual and procedural background, it will not be restated here.

Petitioner objects to Judge Strong's finding that his petition is untimely. Petitioner argues in 2003 the Montana State Prison law library lacked resources on federal habeas law and the forms issued to the prisoners did not advise of the one-year statute of limitations. In short, he argues extraordinary circumstances beyond his control merit equitable tolling.

Even if the Court presumes Petitioner was not aware of the limitations period in 2003, he failed to exercise due diligence in the following seven-year period. By 2006, if not sooner,[1] the forms made available at Montana State Prison contained advisement about the one-year statute of limitations period. See, e.g., Pet. (doc. 1) at 2 ¶ 6, Grimes v. Mahoney, No. CV 06-17-H-DWM (D. Mont. filed

---

[1] The Court believes the forms used in 2003 did advise state prisoners on the statute of limitations. Electronic filing did not begin in this Court until late 2005, and reviewing forms from 2003 would require retrieving them from the archives. That is not necessary considering the nature of this case.

Apr. 19, 2006). The supposed circumstances in 2003 do not support tolling for seven years as Petitioner now seeks.

I find no clear error in Judge Strong's remaining findings and recommendations.

Accordingly, IT IS HEREBY ORDERED that the Findings and Recommendation (dkt #5) are adopted in full.

IT IS FURTHER ORDERED that Petitioner DeAvila's petition (dkt. # 1) is DISMISSED WITH PREJUDICE as untimely. The Clerk of Court shall enter judgment in favor of Respondents and against Petitioner.

IT IS FURTHER ORDERED that a certificate of appealability is DENIED.

Dated this 1st day of April, 2010.

Donald W. Molloy, District Judge
United States District Court